UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JACOBSON WAREHOUSE CO., INC., d/b/a XPO LOGISTICS SUPPLY CHAIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17-CV-00764 JAR |
| SCHNUCK MARKETS, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on SMI's Motion to Realign the Parties and/or For Modification of the Order of Proof at Trial. (Doc. No. 238).

Schnuck argues it would be better positioned as the plaintiff at trial given XPO's defensive posture and the nature of Schnuck's counterclaims and its burden of proof. Alternatively, Schnuck asks that the order of proof at trial be modified so it may put on its case first since it has disclosed more witnesses, produced more evidence, and has more claims for which it has the burden of proof. XPO opposes the motion, arguing that its predominant claim has always been to recover from Schnuck on its invoices for services rendered at NorthPark and that its claims are entirely independent of Schnuck's counterclaims. XPO further argues that realigning the parties at this late stage would unfairly prejudice XPO in its trial preparations.

Realignment is not required when there is an "actual and substantial conflict" between the parties - even if it is not necessarily the primary dispute. Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870 (8th Cir. 1966). A court will normally not realign parties unless the plaintiff no longer retains the burden to prove at least one of its claims. See Anheuser-Busch,

Inc. v. John Labatt Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996). Because XPO has raised a substantial claim against Schnuck on which it bears the burden of proof, the Court finds realignment is not warranted in this case. Moreover, "[a] district court has wide discretion to set the order of proof at trial. Id. (citing Skogen v. Dow Chemical Co., 375 F.2d 692, 704, 706 (8th Cir. 1967)). Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof. Id.

Accordingly,

**IT IS HEREBY ORDERED** that SMI's Motion to Realign the Parties and/or For Modification of the Order of Proof at Trial [238] is **DENIED.**

Dated this 26th day of June, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**