# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JACOBSON WAREHOUSE CO., INC., <br> d/b/a XPO LOGISTICS SUPPLY CHAIN, <br><br> Plaintiff, <br><br> v. <br><br> SCHNUCK MARKETS, INC., <br><br> Defendant. | No. 4:17-CV-00764 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Stay and to Fix Supersedeas Bond. (Doc. No. 407).

**Background**

This case was tried to a jury on July 8, 2019 through July 19, 2019. On XPO's claim for breach of contract against Schnuck Markets Inc. ("Schnucks"), the jury found in favor of Schnucks. On XPO's claim for action on account against Schnucks, the jury found in favor of XPO and awarded XPO damages of $3,166,837.01. On Schnucks' counterclaim for breach of contract against XPO, the jury found in favor of Schnucks and awarded Schnucks damages of $147,000. The Court entered judgment accordingly on August 1, 2019. On February 20, 2020, the Court entered an amended judgment in favor of XPO in the amount of $3,650,526.38, which consists of the principal judgment amount of $3,166,837.01 and prejudgment interest in the amount of $643,301.37, less an offset for union avoidance costs paid by Schnucks in the amount of $159,612.00. The Court also awarded XPO costs in the amount of $99,942.94. On March 18, 2020,

Schnucks filed the instant motion and a notice of appeal (Doc. No. 409). On March 19, XPO filed its response to Schnucks' motion. (Doc. No 410).

**Legal standard**

"If an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). "The bond may be given upon or after filing the notice of appeal or after obtaining an order allowing the appeal. The stay takes effect when the court approves the bond." Id. "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." Halbach v. Great–West Life & Annuity Ins. Co., No. 4:05–CV–2399 ERW, 2009 WL 214671 at *1 (E.D. Mo. Jan. 28, 2009). "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." Id. "While a full supersedeas bond is the norm, a district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal." Id.

**Discussion**

Schnucks requests that if it be required to post a bond, that the amount of the bond should be $3,750,469.32, which covers the principal judgment amount of $3,166,837.01, prejudgment interest of $643,301.37, and costs of $99,942.94, less a setoff of $159,612.00.[1] The Court notes this amount does not include a setoff or reduction for the amount the jury returned in Schnucks' favor of $147,000.

XPO requests that the Court approve a bond in the amount of $3,936,303.53, which includes the actual judgment amount plus interest for 962 days at an interest rate of 1.88%, in the

---

[1] Without more, the Court finds Schnucks' assertion that it is "a 70-year-old regional grocery retailer with 112 stores in five states" is not a reason to depart from the "norm" of a full supersedeas bond.

amount of $185,834.21. XPO also requests that the Court specify in the Order granting the stay of execution that the stay applies to Schnucks with respect to the portion of the Judgment awarding Schnucks $147,000 in damages as well as to XPO. Alternatively, XPO proposes that if the Court concludes that Schnucks would have the right to separately execute on the $147,000 award to Schnucks notwithstanding its appeal of the Judgment, then Schnucks should be ordered to post a bond in the amount of $3,782,019.74, with the stay applying to both sides.

After careful review of this matter, the Court will require that Schnucks provide a supersedeas bond in the amount of **$3,603,469.32**, which represents the total principal amount of the Judgment in favor of XPO, net of the $147,000 awarded to Schnucks, and inclusive of costs. The Court will not require Schnucks to provide a bond to cover amounts for post-judgment interest because those amounts are neither fixed nor certain. The stay of the judgment pending appeal shall become effective on the date the bond is posted and shall stay both parties from enforcing the judgment pending the outcome of the appeal(s). Under the current circumstances, the Court will grant Schnucks thirty (30) days to post the bond.

Accordingly,

**IT IS HEREBY ORDERED** that Schnucks' Motion to Stay and to Fix Supersedeas Bond [407] is **GRANTED.**

**IT IS FURTHER ORDERED** that Schnucks shall post a supersedeas bond in the amount of **$3,603,469.32** no later than **Monday, April 20, 2020**.

**IT IS FURTHER ORDERED** that the stay is effective from the date when Schnucks posts the supersedeas bond and stays both parties from enforcing the judgment pending the outcome of the appeal(s).

Dated this 20th day of March, 2020.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**